17 F.3d 1442
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Megan Elaine SHARPNACK, a minor By and Through John
SHARPNACK and Sherry Sharpnack, her parents and
natural guardians, Petitioners-Appellees,
v.
SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Respondent-Appellant.
 No. 93-5104.
 United States Court of Appeals, Federal Circuit.
 Jan. 7, 1994.
 
 Before RICH, ARCHER, and MAYER, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 The Department of Health and Human Services (HHS) petitions for review of the January 8, 1993, decision of the United States Court of Federal Claims (CFC), reported at 27 Fed.Cl. 457 (1993), sustaining the July 28, 1992, decision of the special master that Megan Sharpnack (Megan), was entitled to compensation under the National Childhood Vaccine Injury Compensation Program (the Program)[1] for injuries caused by a diphtheria-pertussis-tetanus (DPT) vaccine. We affirm.
 
 DISCUSSION
 
 2
 Megan Sharpnack was born on October 6, 1987. She received a DPT vaccination on February 19, 1988, at the age of approximately four months. Megan demonstrated no illness, neurological sign, or symptom until February 24, 1988, "6.3" days after vaccination. At that time, she experienced involuntary twitching of one hand, which persisted for at least an hour and a half until she was treated with phenobarbital in the emergency room. This incident was followed by Todd's paralysis, a post epileptic hemiplegia or monoplegia. On April 6, 1988, Megan experienced a similar seizure, which again ceased after the administration of phenobarbital. Megan has since experienced many seizures unaccompanied by fever, some of which were focal and prolonged. CAT scans were negative and extensive work-ups have failed to uncover an etiology for her condition.
 
 
 3
 The Sharpnacks filed a petition alleging that the DPT vaccination was the cause in fact of Megan's seizure disorder. This case does not involve a Table Injury, therefore the Sharpnacks to recover had to prove, by a preponderance of the evidence, that the vaccine caused the injury; and the special master had to determine that there is not a preponderance of the evidence showing alternative causation. 42 U.S.C. Sec. 300aa-13(a)(1)(A), (B) (West Supp.1993). The special master accepted the expert testimony of Dr. Slater who believed the DPT vaccine caused Megan's disorder. Dr. Slater, based his opinion in part on the National Childhood Encephalopathy Study (NCES), wherein it states there is a strong association at the "level of seven days" from the receipt of the vaccine and seizure disorders. The special master also found that Megan's injuries were not caused by factors unrelated to the vaccine. Accordingly, the special master found entitlement and awarded compensation.
 
 
 4
 HHS appealed the decision to the CFC where it asserted that the special master's application of the cause in fact standard was erroneous and that she erroneously accorded the NCES dispositive weight. The CFC upheld the decision of the special master and entered judgment in accordance therewith.
 
 
 5
 HHS asserts that the special master came to a "formulaic conclusion" that the NCES is sufficient to establish a logical sequence of cause and effect between DPT and permanent neurological injury; that DPT causes every seizure within seven days for which there is no established alternative cause. We have reviewed the record, the special master's opinion, the CFC's determination and all arguments raised. We agree with the CFC's determination that the special master's decision was based on the "weighing of expert opinion, medical records and facts specific to this case, in addition to the NCES." Therefore, the special master's decision was not arbitrary, capricious, or an abuse of discretion and was otherwise in accordance with law. Accordingly, the CFC's judgment affirming the decision of the special master is affirmed.
 
 
 
 [1]
 Established pursuant to the National Childhood Vaccine Injury Act (Vaccine Act). 42 U.S.C. Secs. 300aa-1 through 300aa-34 (West Supp.1991 and Supp.1993)